# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lee R.,                                          Case No. 20-cv-1989 (TNL)

     Plaintiff,

v.                                                        **ORDER**

Kilolo Kijakazi,
Action Commissioner of Social Security,

     Defendant.

---

David F. Chermol, Chermol & Fishman LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116; and Edward C. Olson, Disability Attorneys of Minnesota, 331 Second Avenue South, Suite 890, Minneapolis, MN 55401 (for Plaintiff); and

Tracey Wirmani, Special Assistant United States Attorney, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

---

This matter comes before the Court[1] on Plaintiff Lee R.'s Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), ECF No. 47.

## I. BACKGROUND

Previously, Magistrate Judge Thorson issued an order granting in part and denying in part Plaintiff's motion for summary judgment, denying the Commissioner's motion for summary judgment, and remanding this matter back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See generally* ECF No. 36.

---

[1] This matter was reassigned to the undersigned following the retirement of Magistrate Judge Becky R. Thorson. ECF No. 51. The parties had previously consented to the exercise of magistrate judge jurisdiction by Magistrate Judge Thorson. Following the reassignment, the parties were advised of the opportunity to again consent to the exercise of magistrate judge jurisdiction. ECF No. 52; *see also* ECF No. 54. The parties have since consented to the exercise of magistrate jurisdiction by the undersigned.

Magistrate Judge Thorson subsequently issued an order approving the parties' agreed-upon amount of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  *See generally* ECF No. 46.  Magistrate Judge Thorson awarded attorney fees in the amount of $7,600 under the EAJA, payable to Plaintiff as the litigant pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).  ECF No. 46 at 2.

"The remand for further administrative proceedings led to an outright award of benefits" for Plaintiff.  Mot. ¶ 1; *see generally* Ex. A to Mot., ECF No. 50.  Plaintiff was notified that his amount of past-due benefits was $115,277.90.  Ex. A at 4; *see also* Mot. ¶ 2.

Plaintiff signed a fee agreement with his counsel.  *See generally* Ex. B to Mot., ECF No. 50-1.  Among other things, the fee agreement provided that Plaintiff would pay his counsel "a fee equal to twenty five percent (25%) of all past due benefits" if his case was decided favorably "after an appeal to the Appeals Council."  Ex. B at 1; *see also* Ex. B at 1 ("If my claim ever reaches the Appeals Council level, my representative is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof).").

The Social Security Administration has a "longstanding policy" to withhold 25% of a claimant's past-due benefits for payment of representation fees.  *O'Donnell v. Saul*, 983 F.3d 950, 952, 958 (7th Cir. 2020); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019); *see, e.g.*, Soc. Sec. Admin., Program Operations Manual System (POMS), GN 03920.035 (Title II Past-Due Benefits Subject to Withholding), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920035; GN 03920.036 (Title XVI Past-

2

Due Benefits Subject to Withholding), *available at* https://secure.ssa.gov/apps10/poms.

nsf/lnx/0203920036; GN 03920.055 (Failure to Withhold Past-due Benefits for Direct

Payment to a Representative), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx

/0203920055.

In this case, 25% of Plaintiff's past-due benefits is $28,819.47.  For reasons that

are not entirely clear, the Social Security Administration determined that, "[u]nder the fee

agreement, the representative can charge [Plaintiff] no more than $7,200 for his or her

work on [Plaintiff's] Social Security claim."   Ex. A at 3.   The Social Security

Administration therefore withheld only $7,200 from Plaintiff's past-due benefits,[2]

explaining:

> Your past-due Social Security benefits are $115,277.90 for
> June 2017 through January 2023.  Because of the law, we
> usually withhold 25 percent of the total past-due benefits or
> the maximum payable under the fee agreement to pay an
> approved representative's fee.  We withheld $7,200.00 from
> your past-due benefits to pay the representative.

Ex. A at 4.

Plaintiff's counsel now moves for an award of attorney fees pursuant to 42 U.S.C.

§ 406(b) in the amount of $28,819.47 consistent with the fee agreement.  Should the

motion be granted, Plaintiff's counsel requests that he be ordered to refund the previously

awarded EAJA fees to Plaintiff.  The Commissioner has no objection to Plaintiff's

motion, the amount sought, or the documentation submitted.  The Commissioner takes no

position, however, on the reasonableness of the amount.  The Commissioner similarly

---

[2] The memorandum in support of the motion incorrectly states that the Social Security Administration "has issued a Notice of Award indicating that 25% of past due benefits have been withheld to pay attorney fees."  Mem. in Supp. at 1, ECF No. 49.

requests that Plaintiff's counsel be ordered to refund the previously awarded EAJA fees to Plaintiff should this motion be granted. Lastly, the Commissioner appears to acknowledge the existence of a shortage between the amount of past-due benefits withheld and the amount provided for in the fee agreement.

## II. ANALYSIS

"Under 42 U.S.C. § 406(b), the Court may award a 'reasonable fee' to a successful claimant's counsel for work[] performed before the Court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant." *Theodoros K. v. Kijakazi*, No. 20-cv-2228 (KMM/ECW), 2023 WL 4621896, at *2 (D. Minn. July 19, 2023); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 795, 807 (2002). "The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still 'show that the fee sought is reasonable for the services rendered.'" *Theodoros K.*, 2023 WL 4621896, at *2 (quoting *Gisbrecht*, 535 U.S. at 807); *cf. Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for a successful claimant must show that the fee sought is reasonable for the services rendered." (citations and footnotes omitted)). "Section 406(b) requires judicial review of contingent fee arrangements in Social Security representations 'as an independent check, to assure they yield reasonable results in particular cases.'" *Shane T. v. Saul*, No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) (quoting *Gisbrecht*, 535 U.S. at 807).

As such, "[t]he Court has an independent obligation to determine whether an

attorneys' fee award . . . is reasonable." *Theodoros K.*, 2023 WL 4621896, at *2. "A reduced fee award may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case." *Shane T.*, 2020 WL 5743075, at *1; *see also Gisbrecht*, 535 U.S. at 808 ("Courts that have approached fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.").

Further, "when a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under § 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff." *Richard E. C. v. Saul*, No. 19-cv-1900 (ECW), 2021 WL 9476864, at *2 (D. Minn. Mar. 19, 2021); *see also Gisbrecht*, 535 U.S. at 796.

**A. Reasonableness**

As noted above, Plaintiff's counsel seeks $28,819.47 in attorney fees, which constitutes 25% of Plaintiff's past-due benefits and is consistent with both the fee agreement and § 406(b)'s statutory maximum. "The Supreme Court has explained that contingent-fee agreements for the statutory maximum [of] 25% of past-due benefits 'are the most common fee arrangements between attorneys and Social Security claimants.'" *Theodoros K.*, 2023 WL 4621896, at *2 (quoting *Gisbrecht*, 535 U.S. at 800). The work of Plaintiff's counsel was instrumental in Plaintiff's receipt of benefits and there is

nothing to indicate that counsel's representation was substandard in any way or that counsel was responsible for any delay. *See Gisbrecht*, 535 U.S. at 808; *Theodoros K.*, 2023 WL 4621896, at *2.

"Nor would the full award here be so 'large in comparison to the amount of time spent on the case' as to warrant a reduction." *Theodoros K.*, 2023 WL 4621896, at *2 (quoting *Gisbrecht*, 535 U.S. at 808). Plaintiff's counsel spent 45.5 hours on this matter.[3] Effectively, the hourly rate for Plaintiff's counsel would be $633.39. While such an hourly rate might be on the higher side and could be viewed as excessive in other contexts, it is significantly lower than other effective hourly rates courts in this District have approved as reasonable under § 406(b). *See, e.g.*, *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (approving $900 effective hourly rate and citing cases approving effective hourly rates between $950 and $1,229.63); *Richard E. C.*, 2021 WL 9476864, at *2 ($1,000 effective hourly rate); *Mary F. v. Saul*, No. 20-cv-111 (DSD/KMM), 2021 WL 633832, at *2 (D. Minn. Dec. 21, 2021) ($970.65 effective hourly rate), *report and recommendation adopted*, 2022 WL 93944 (D. Minn. Jan. 10, 2022); *Shane T.*, 2020 WL 5743075, at *2 ($775.85 effective hourly rate).

"In sum, considering the contingent nature of Social Security litigation, the work performed, and results achieved in this particular case, the overall contribution of Plaintiff's counsel warrants an award of attorney's fees in the amount of [$28,819.47]."

---

[3] Exercising "billing discretion," Plaintiff's counsel sought EAJA fees for only 41 of those hours. Ex. C to Mot. at 4, ECF No. 50-2.

*Shane T.*, 2020 WL 5743075, at *2.  As acknowledged by Plaintiff's counsel, however, the $7,600.00 in fees previously awarded under the EAJA must refund to Plaintiff.[4]

## B. Shortage

The Court is awarding $28,819.47 in fees.  Although the Social Security Administration customarily withholds 25% of past-due benefits for payment of representative fees, here it only withheld $7,200.

The Supreme Court has stated that "the amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court."  *Culbertson*, 139 S. Ct. at 523.  And, "[a]ny concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to [the Social Security Administration], Congress, or the attorney's good judgment."  *Id.*

This Court cannot order the Social Security Administration to pay the remaining balance out of its own funds.  *Nieves v. Saul*, No. 3:17-cv-940-JRK, 2021 WL 8972943, at *2 (M.D. Fla. Apr. 8, 2021); *see also Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir.

---

[4] The Court acknowledges that there is somewhat of a practical disconnect in ordering Plaintiff's counsel to refund to Plaintiff the previously awarded EAJA amount in light of the apparent shortage.  *See infra* Section II.B.  When an award is made both under the EAJA and § 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  *Gisbrecht*, 535 U.S. at 796 (alteration in original) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)); *see O'Donnell*, 983 F.3d at 956-57; *see also, e.g.*, *Theodoros K.*, 2023 WL 4621896, at *3; *Richard E. C.*, 2021 WL 9476864, at *2.  Courts have observed that even if a "netting" of EAJA and § 406(b) fees "is permissible under § 406(b)(1)," it is the "disfavored" approach.  *O'Donnell*, 983 F.3d at 957 (quotation omitted); *see, e.g.*, *Martinez v. Berryhill*, 699 F. App'x 775, 776 (10th Cir. 2017); *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006); *see also Theodoros K.*, 2023 WL 4621896, at *3 (citing cases comparing views).  There has been no request by Plaintiff's counsel that such netting occur here and, as noted below, there are remedies available.  *See infra* Section II.B.  Accordingly, "[t]he Court finds that it is within its discretion to award fees in the 'usual way'—that is, awarding the full fee amount under § 406(b) with instructions for Plaintiff's counsel to refund the smaller, previously awarded EAJA amount to Plaintiff directly."  *Theodoros K.*, 2023 WL 4621896, at *3 (citing *Koroma v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04459-PHX-DWL, 2021 WL 3190727, at *2 (D. Ariz. July 28, 2021)).

1990).   Administrative remedies, however, remain available to Plaintiff's counsel.  *See Nieves*, 2021 WL 8972943, at *2; *see also Pittman*, 911 F.2d at 46; *see, e.g.*, 42 U.S.C. § 404 (overpayments and underpayments); 20 C.F.R. § 404.501(a)(8) (adjustments for overpayment in cases where "[a] payment of past due benefits is made to an individual and such payment had not been reduced by the amount of attorney's fees payable directly to an attorney"); POMS GN 03920.055 (Failure to Withhold Past-Due Benefits for Direct Payment to a Representative), *available at* https://secure.ssa.gov/apps10/poms.nsf/ lnx/0203920055.

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), ECF No. 47, is **GRANTED**.

2. Plaintiff's counsel is awarded $28,819.47 in attorney fees.

3. Plaintiff's counsel must refund to Plaintiff the $7,600 in attorney fees previously awarded under the EAJA.


Date: October__25__, 2023                    _____*s/Tony N. Leung*_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *Lee R. v. Kijakazi*
                                             Case No. 20-cv-1989 (TNL)